| | |
|---|---|
| SOREN CARLSEN<br>7510 Hidden Stream Court<br>Owings Mills, MD 21117 | |
| PLAINTIFF | IN THE |
| VS. | CIRCUIT COURT |
| NVR MORTGAGE FINANCE, INC.<br>7601 Lewinsville Road, Suite 300<br>McLean, Virginia 22102 | FOR |
| | BALTIMORE COUNTY |
| SERVE ON:<br>CSC-Lawyers Incorporating Service<br>Company, Resident Agent<br>7 St. Paul Street, Suite 1660<br>Baltimore, Maryland 21202 | CASE NO. _____ |
| AND | USDC # |
| NVR SETTLEMENT SERVICES OF<br>MARYLAND, INC.<br>555 Quince Orchard Road, Suite 270<br>Gaithersburg, Maryland 20879 | JKB-12-cv-1524 |
| SERVE ON:<br>CSC- Lawyers Incorporating Service<br>Company, Resident Agent<br>7 St. Paul Street, Suite 1660<br>Baltimore, Maryland 21202 | |
| AND | |
| NVR, INC.<br>7601 Lewinsville Road, Suite 300<br>McLean, Virginia 22102 | |
| SERVE ON:<br>The Prentice-Hall Corporation<br>System, M, Resident Agent<br>7 St. Paul Street, Suite 1660<br>Baltimore, Maryland 21202 | |
| DEFENDANTS | |

RECEIVED AND FILED 2012 APR 12 PM 3:08 CLERK OF THE CIRCUIT COURT BALTIMORE COUNTY

* * * * * * * * * * * * *

1

## CLASS ACTION COMPLAINT

Plaintiff Soren Carlsen, by his attorneys Jane Santoni and Williams & Santoni, LLP, and Scott C. Borison and Phillip R. Robinson of Legg Law Firm, LLC., brings this class action against NVR Mortgage Finance, Inc, NVR Settlement Services of Maryland, Inc. and NVR, Inc. based on the pattern and practices of the Defendants collecting finders fees from Plaintiff and others without complying with the specific Maryland statutory prerequisites to collect a finder fees from the Plaintiff and others.

## INTRODUCTION

1. This action is brought by Plaintiff seeking relief from the predatory and illegal real estate practices of the Defendants, NVR Mortgage Finance, Inc. ("NVR Mortgage"), NVR Settlement Services of Maryland, Inc. ("NVRSS") and NVR, Inc. ("NVR – Ryan Homes").

2. NVR Mortgage is a wholly owned subsidiary of NVR – Ryan Homes and NVRSS is a wholly owned subsidiary of NVR Mortgage. All Defendants are agents of each other and have "affiliated business arrangements."

3. In the transaction involving the Plaintiff, Defendant NVR Mortgage sought and collected a finder fee without ever first (i) executing a Mortgage Broker Agreement with the Plaintiff, (ii) disclosing the exact fees it would charge, and (iii) failing to provide Plaintiff a copy of a Brokerage Fee Agreement, all in violation of the Maryland Finder's Fee Act, MD. CODE ANN, COM. LAW § 12-801 et. seq. The Maryland Finder's Fee Act is a specialty statute is subject to a 12 year statute of limitation.

4. NVR Ryan is a homebuilder. They sell newly constructed homes to the general public. In an effort to maximize any profits from the sales transaction, NVR Ryan

2

created NVR Mortgage. Any purchaser of a home constructed by NVR Ryan is lured into dealing with NVR Mortgage with offers characterized as "free" upgrades and contributions to settlement costs that are not available if the purchaser chooses to use his or her own source of financing.

5. Once the purchaser agrees to go through NVR Mortgage, then NVR Mortgage proceeds to provide the purchaser paperwork relating to a loan that it represents that it will make to the purchaser in the role of a lender. However, that may not be the most profitable role for NVR Mortgage so at some time during the lead up to settlement on the purchase transaction, NVR puts on its mortgage broker hat and proceeds in the role of a mortgage broker in the transaction. As the mortgage broker, NVR Mortgage obtains direct and indirect payments from the purchasers through finder fees labeled as broker fees or yield spread premiums, or a combination of both. However, Maryland law does not permit someone to convert from the role of lender to the role of mortgage broker part way through the transaction because Maryland law requires that a mortgage broker must enter into a written, fully executed agreement with a borrower before it makes any effort to arrange a loan for the borrower. This is consistent with the goal of divorcing mortgage brokering from mortgage lending.

6. This action deals with the transactions where NVR Mortgage has chosen to act as a mortgage broker as it ultimately did in the Plaintiff's transaction.

## PARTIES

7. Plaintiff is a resident of Baltimore County, Maryland and owns his home at 7510 Hidden Stream Court, Owings Mills, MD 21117 (hereafter "Property").

8. Defendant NVR Mortgage Finance, Inc. is a licensed Mortgage Broker under Maryland law. Its principal office is located at 7601 Lewinsville Road, Suite 300, McLean, Virginia 22102.

9. Defendant NVR, Inc. is a home seller/builder, licensed in Maryland. It shares the same office with its affiliate NVR Mortgage Finance, Inc.

10. Defendant NVR Settlement Services of Maryland, Inc. is a Maryland Corporation located at 555 Quince Orchard Road, Suite 270, Gaithersburg, Maryland 20879.

## JURISDICTION AND VENUE

11. This Court has jurisdiction pursuant to CTS. & JUD. PROC. § 4-401.

12. Venue is proper and convenient in this Court, pursuant to CTS. & JUD. PROC. § 6-201 inasmuch as Defendants are out of state corporations and regularly carry out business in Baltimore County, Maryland.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFF

13. Plaintiff was interested in having a new home built.

14. On October 12, 2004 he contracted with NVR – Ryan Homes to have a home built. (See Exhibit 1).

15. Although Plaintiff qualified for a VA loan, Defendant NVR – Ryan Homes told them they would get a finished basement, a morning room and other "options" worth a total of $65,000 if they used its affiliates, Defendant NVR Mortgage and NVRSS (see Exhibit 1A, Master Selection Sheet). In addition, the contract stated that if Plaintiff did not use NVR affiliates the price of the home would increase by $65,250 (see Election to

4

Use Affiliated Entities Addendum to Purchase Agreement, Exhibit 2). Nothing in the contract allowed them to refuse the options in exchange for paying less.

16. On October 28, 2004, NVR Mortgage provided him a Truth in Lending Disclosure listing NVR Mortgage as the lender along with related documents such as a good faith estimate of costs. (See Exhibit 3)

17. On December 9, 2004 Plaintiff was provided with a Loan Approval Letter from NVR Mortgage. The cover letter informed him that he could provide this approval to NVR Ryan to start construction of his new home. (See Exhibit 4).

18. There was no indication that NVR Mortgage would play any role other than the lender in his transaction.

19. The following broker's fees were paid to Defendants directly or indirectly, as evidenced by the HUD 1 settlement forms:

| | | |
|---|---|---|
| A. | Line 810: Broker Fee to NVR Mortgage: | $6,323.48 |
| B. | Line 814 Broker Fee to NVR Mortgage: | $950.00 |
| C. | Line 815: Broker Credit Report To NVR Mortgage | $104.10 |
| D. | Line 1101: Settlement or closing fee to NVRSS: | $300.00 |
| E. | Line 1103: Title Examination to NVRSS: | $300.00 |
| F. | Line 1104: Title Insurance Binder NVRSS: | $100.00 |
| G. | Line 1108: Title Insurance: | $759.00 |
| | TOTAL (1st Mortgage) | $8,836.58 |

*See* HUD 1s, Exhibit 5.

25. As a result of Defendant's illegal acts, Plaintiff has suffered damages and is entitled to relief under Maryland law.

5

## CLASS ALLEGATIONS

26. The Defendant has routinely engaged in practices that contravene Maryland law.

27. The Defendants' practices as they relate to a class of Maryland Home Buyers included in the proposed class, defined below, do not vary from class member to class member. Defendants fail to meet the prerequisites to charge finder fees and therefore the Plaintiff and each class member have been wrongly charged and paid finder fees to the Defendants.

28. The Plaintiff files this action on his own behalf and a class of persons consisting of the following persons:

> All homebuyers that entered into and consummated a purchase contract to purchase a house form NVR in which NVR Mortgage provided initial disclosures to the homebuyer that identified itself as the "lender" and later NVR Mortgage charged and collected directly or indirectly, finder fees in connection with the sale and financing of the house within the 12 year period preceding the filing of this complaint. .

29. Upon information and belief, the class consists of more than 50 homebuyers.

30. The claims asserted herein have common issues of fact and law. The primary issues are whether the Defendants has charged and collected, directly or indirectly, finder fees without meeting the statutory prerequisites to do so under Maryland law.

31. The claims of the Plaintiff are typical of the claims common to the class.

6

32. The Defendant did not treat the Plaintiff any differently than other class member.

33. The Defendant's treatment of the Plaintiff was not dependent on any particular attributes that are not common between the Plaintiff and other class members.

34. The Plaintiff does not have interests that antagonistic to the interests of other class members in pursuing the claims against Defendants.

35. Plaintiff has retained the services of counsel who have experience in consumer protection matters. The Plaintiff's counsel includes attorneys who been previously appointed class counsel by state and federal courts in consumer protection cases.

36. The predominate issue in this case is whether the Defendants have charged or collected finder fees, directly or indirectly, without meeting the statutory requisites to do so. This issue predominates over any other issues.

37. The class action proposed in this case is a superior method to seek redress for wrongs and violations of Maryland law designed to protect the Plaintiff and other class members from paying unnecessary or undisclosed fees and expenses when they obtain financing to purchase homes.

## COUNT ONE – VIOLATION OF THE MARYLAND FINDER'S FEE ACT – AGAISNT ALL DEFENDANTS.

38. The mortgage transaction entered into by Plaintiff, which is the subject of this action, is governed by the Maryland Finder's Fee Act, MD. CODE ANN. COM. LAW § 12-801 *et. seq.*

26. Section 12-805(d)(1) of the Finder's Fee Act mandates that "[a] finder's fee may not be charged unless it is pursuant to a written agreement between the mortgage broker and the borrower which is separate and distinct from any other document."

27. Section 12-805(d)(2) also mandates that "the terms of the proposed agreement shall be disclosed to the borrower before the mortgage broker undertakes to assist the borrower in obtaining a loan or advance of money and shall specify the amount of the finder's fee."

28. Section 12-805(d)(3) mandates that "[a] copy of the agreement, dated and signed by the mortgage broker and the borrower, shall be provided to the borrower within 10 business days after the date the loan application is completed" (emphasis added).

29. Defendant NVR Mortgage violated the Maryland Finder's Fee Act, MD. CODE ANN. COM. LAW § 12-801 *et. seq.*, by not disclosing all the finder fees it would receive, directly or indirectly, in the transaction. The Commissioner on Financial Regulation, which enforces the Finders Fee Act, issued an Advisory Notice 05-06 which declares that the "amount of the broker fee must be specified."

30. Further, NVR Mortgage failed to provide a copy of the signed agreement to Plaintiff or the Class Members within ten (10) days of their application for a mortgage loan or at any time thereafter.

31. All of the Defendants were aware and voluntarily participated in the actions and omissions of NVR Mortgage. The other Defendants tacitly or expressly agreed with NVR Mortgage to refer the Plaintiff and Class Members to NVR Mortgage with full knowledge and understanding that NVR Mortgage would charge and collect, directly or

8

indirectly, finder fees from the Plaintiff and other Class Members. The other Defendants further knew that NVR Mortgage would not comply with the prerequisites under Maryland law to charge or collect finder fees.

32. Each of the Defendants consented to and participated in the illegal actions and omissions of the Defendant NVR Mortgage.

33. Each of the Defendants derived benefits from the illegal actions and omissions by NVR Mortgage.

34. As a consequence of violating the Maryland Finder's Fee Act, Plaintiff and the Class Members have been damaged in that NVR Mortgage has charged and collected, directly or indirectly, unnecessary and undisclosed fees. NVR Mortgage is liable for the underlying damages available to Plaintiff under the Act.

35. Defendant collected, directly or indirectly, at least $8,856.38 in illegal and undisclosed fees from the Plaintiff, and may have collected additional illegal fees.

36. Defendant has collected, directly or indirectly, illegal and undisclosed fees from each Class Member. The Defendants knows the exact amount of these fees.

37. The illegal finder fees were included in the financed debt and therefore, the Plaintiff and Class Members have incurred finance charges in connection with the illegal fees.

38. Plaintiff and each Class Member is entitled to treble damages for these violations based on the amounts collected, directly or indirectly, by Defendants, pursuant to CL 12-807(1). These amounts are easily determined by a review of the Defendants records an the settlement statements of Plaintiff and each class member.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants, jointly and severally for an amount equal to treble the damages that the Plaintiff and each Class Member are allowed under Maryland. For purposes of complying with Maryland law, the Plaintiff estimates the total amount for himself and class member may be at least $1,000,000 with the precise amount to be determined at trial or a default hearing, plus costs and attorney's fees to the extent allowed by law.

### COUNT TWO – VIOLATIONS OF MARYLAND'S CONSUMER PROTECTION ACT – ALL DEFENDANTS

39. Plaintiff incorporates all prior paragraphs.

40. The mortgage loan transaction, as set forth herein, is governed by the Consumer Protection Act, MD. CODE ANN. COM. LAW § 13-101 *et. seq.*

41. Section 13-303 prohibits unfair or deceptive trade practices in the sale of any consumer realty or the extension of consumer credit.

42. The Consumer Protection Act defines unfair or deceptive trade practices to include, *inter alia*, the following:

   a. False, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers;

   b. Failure to state a material fact if the failure deceives or tends to deceive; and

   c. Deception, fraud, false pretense, false premise, misrepresentation, or knowing concealment, suppression, or omission of any material fact with the intent that a consumer rely on the same in connection with the

promotion or sale of any consumer goods, consumer realty, or consumer service.

43. By engaging in the acts and omissions set forth above, by making the misrepresentations set forth above, and by failing to disclose material facts where the failure to do so deceived or tended to deceive, Defendants committed unlawful trade practices in violations of the Maryland Consumer Protection Act. Sec. 13-301(1), (3) and (9) and Sec. 13-303(1) and (3).

44. Specifically, by illegally charging finder's fees, by requiring Plaintiff to use NVR Mortgage and Defendant's settlement services, by representing that NVR Mortgage would act as lender in the Plaintiff's and Class Members' transactions, the Defendants engaged in unfair and deceptive trade practices. Defendants may have committed other unfair and deceptive practices.

45. Defendants, affiliates of each other, acted individually and together to commit these acts.

46. Defendants' conduct, as set forth above, had the capacity, tendency or effect of deceiving Plaintiff and Class Members, who were in fact deceived or misled, causing injury and loss in the payment of certain mortgage fees and costs that were not necessary because there was no need to involve NVR Mortgage as a broker, fees that were not properly disclosed and payment of interest on the mortgage fees that were financed.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants, jointly and severally, in favor of the Plaintiff and Class Members for $1,000,000.00, which amount is set forth for purposes of complying with Maryland law,

with the precise amount to be determined at trial or a default hearing, plus costs and attorney's fees to the extent allowed by law.

### COUNT THREE – NEGLIGENCE – ALL DEFENDANTS

47. Plaintiff incorporates all prior paragraphs.

48. Defendants' actions as set forth above constitute negligence.

49. Defendants owed the Plaintiff a duty of reasonable care.

50. This duty was breached when they charged and collected from Plaintiff and Class Members, directly or indirectly, fees that were not allowed by Maryland law and the finance charges associated with payment of those fees.

WHEREFORE, Plaintiff prays that judgment be entered against the Defendants, jointly and severally, in favor of the Plaintiff and Class Members for $1,000,000.00, which amount is set forth for purposes of complying with Maryland law, with the precise amount to be determined at trial or a default hearing, plus costs and attorney's fees to the extent allowed by law.

Jane Santoni
Williams & Santoni, LLP
401 Washington Avenue, Suite 200
Towson, Maryland 21204
(410) 938-8666

Scott C. Borison
Also represented by
Phillip R. Robinson, Of Counsel
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick, MD 21703
(301) 620-1016

*Attorneys for Plaintiff Carlsen*

### REQUEST FOR JURY TRIAL

Plaintiff request that this action be tried before a jury.

*Jane Santoni*