```
         IN THE UNITED STATES DISTRICT COURT FOR
        THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                                *
SOREN CARLSEN,                  *

     Plaintiff,                 *

          v.                    *    CIVIL NO.: WDQ-12-1524

NVR MORTGAGE FINANCE, INC.,     *
et al.,
                                *
     Defendant.                 *

                                *

 *    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Soren Carlsen sued NVR Mortgage Finance, Inc. ("NVR Mortgage") and NVR, Inc. (together, "NVR")[1] in the Circuit Court for Baltimore County, Maryland under § 12-805(d)[2] of the Maryland Finder's Fee Act ("FFA"), §§ 12-801 et seq.,[3] alleging that NVR failed to make required disclosures to him, and a class of similarly situated Maryland homebuyers, before collecting

---

[1] The parties jointly stipulated to dismissal without prejudice of Carlsen's claims against defendant NVR Settlement Services of Maryland, Inc. ECF No. 42.

[2] The parties jointly stipulated to dismissal with prejudice of Carlsen's claims of negligence and violations of the Maryland Consumer Protection Act. ECF No. 60.

[3] Md. Code Ann., Com. Law § 12-801 (West 2010).

finder's fees for brokering mortgage loans.[4]  *See* ECF Nos. 1 at 1, 33-5 at 5-8.  NVR removed to this Court under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).[5]  Pending are NVR's motion to dismiss, or in the alternative, for summary judgment, ECF No. 43, and Carlsen's cross-motion for partial summary judgment, ECF No. 50.[6]  No hearing is necessary.  Local Rule 105.6 (D. Md. 2014).  For the following reasons, NVR's motion, construed as a motion for summary judgment, will be

---

[4] Carlsen claims NVR charged him a finder's fee that was not "pursuant to a written agreement . . . which is separate and distinct from any other document." Md. Code Ann., Com. Law § 12-805(d)(1) (West 2010); ECF No. 33-5 at 7.  He also argues NVR did not disclose "[t]he terms of the proposed" broker agreement he signed before NVR "undert[ook] to assist the borrower in obtaining a loan," or provide him "[a] copy of the agreement . . . within 10 business days after the date the loan application is completed." § 12-805(d)(2)(i), (3); ECF No. 33-5 at 7.  Finally he alleges the agreement did not "[s]pecify the amount of the finder's fee." § 12-805(d)(2)(ii); ECF No. 33-5 at 7.

[5] NVR swears this suit meets CAFA's minimal diversity requirements, because both defendants are incorporated in, and have their principal places of business in, Virginia, and Carlsen, the potential class representative, is a citizen of Maryland.  ECF Nos. 1 at 2-3, 2; § 1332(d)(2)(A).  They also swear that, if Carlsen is successful in pursuing his claims and certifying a class, the class will collect damages in excess of $5 million.  ECF Nos. 1 at 3-4, 2; § 1332(d)(2).

[6] Carlsen seeks partial summary judgment on liability, and reserves the right to seek damages at trial.  ECF No. 50-1 at 1 n.1.

granted, and Carlsen's cross-motion for partial summary judgment will be denied.[7]

I. Background

A. Facts[8]

On October 12, 2004, Carlsen contracted with NVR, Inc. to build him a home in Owings Mills, Maryland. ECF Nos. 43-3 at 2, 50-1 at 1-2. The Purchase Agreement between Carlsen and NVR, Inc. required Carlsen to apply for a loan from a mortgage lender, but did not require Carlsen to use any particular lender. ECF No. 43-3 at 2. However, in the Purchase Agreement, NVR, Inc. agreed to reduce the purchase price of the home by $12,000 in exchange for Carlsen's agreement to use NVR Mortgage to obtain financing for his new home. ECF Nos. 43-3 at 3, 50-1 at 2.

---

[7] Also pending is Carlsen's motion to certify a class action. ECF No. 49. Because the Court is granting summary judgment for NVR, Carlsen is ineligible to represent the proposed class; thus, Carlsen's motion to certify a class action will be denied. See East Texas Motor Freight System, Inc. v. Rodriguez, 431 U.S. 395, 403 (1977)("[A] class representative must be part of the class and possess the same interest and suffer the same injury as the class members."); Herron v. Mayor & City Council of Annapolis, Md., 388 F. Supp. 2d 565, 573 (D. Md. 2005) aff'd sub nom. Herron v. Mayor & City Council, Annapolis Maryland, 198 F. App'x 301 (4th Cir. 2006)(per curiam).

[8] The facts are taken from the parties' motions for summary judgment, ECF Nos. 43, 50, and their accompanying exhibits. On cross motions for summary judgment, "each motion [is] considered individually, and the facts relevant to each [are] viewed in the light most favorable to the non-movant." Mellen v. Bunting, 327 F.3d 355, 363 (4th Cir. 2003).

On October 28, 2004, NVR Mortgage accepted Carlsen's application for a 30-year adjustable-rate mortgage ("ARM"). ECF No. 43-3 at 4. On that date, Carlsen apparently[9] signed a form entitled, "Notice to Borrower of Possible Assignment of Mortgage Loan Application." ECF No. 43-3 at 5. This form discloses that, if NVR Mortgage assigned Carlsen's loan, "NVR will collect a minimum of a 2% fee of the loan amount and a $250 processing fee . . . ." ECF No. 50-8 at 2. The form does not specify the amount of the fee that will apply. *See id*. Carlsen's signature appears under a line on the form which states "[t]he undersigned acknowledge receipt of this Broker Agreement." *Id*. On December 9, 2004, NVR Mortgage approved Carlsen's ARM. ECF No. 43-3 at 6. However, Carlsen did not close on the ARM loan. *See id*. at 6-11.

On February 22, 2005, Carlsen used NVR Mortgage to submit an application to another mortgage lender, C&F, for a 30-year fixed-rate mortgage. *Id*. at 7. On that same date, he received and signed a document that estimated his closing costs and included the following line item: "Broker Fee to NVR Mortgage 2% . . . $6,038." *Id*. Before closing, Carlsen signed three

---

[9] Carlsen does not remember signing this form, but he acknowledges that the signature on the form resembles his. ECF No. 43 at 6. NVR claims that it no longer has the original form Carlsen signed, only a copy, because it was destroyed pursuant to its "standard document retention/deletion policies." *Id*. at 6 & n.6.

4

additional forms that disclosed he would owe a two percent broker fee to NVR Mortgage, at a higher amount of $6,323. *Id.* at 9-10. Carlsen, a loan officer, acknowledged that he knew he could have pursued alternative financing for the transaction, and avoided paying the broker fee, but he was reluctant to lose the $12,000 purchase credit. *See id.* at 10-11. In July 2005, Carlsen and C&F closed on the mortgage, and Carlsen paid the broker fee.[10] *See* ECF No. 50-1 at 6.

B. Procedural History

On January 11, 2012, Carlsen sued NVR in the Circuit Court for Baltimore County alleging violation of the FFA, §§ 12-801 *et seq.* ECF No. 2-1.[11] On May 21, 2012, NVR removed to this Court. ECF No. 1. On December 20, 2012, NVR moved to dismiss for failure to state a claim, or for summary judgment. ECF No. 43. On February 5, 2013, Carlsen opposed NVR's motion and cross-moved for partial summary judgment. ECF No. 50. On March 29, 2013, NVR opposed Carlsen's cross-motion for summary judgment and replied to Carlsen's opposition. ECF No. 53. On April 25,

---

[10] Carlsen alleges that, in addition to the broker fee, NVR received a finder's fee in the form of a $9,000 credit. ECF No. 50-1 at 6-7.

[11] Carlsen and NVR jointly stipulated to dismissal with prejudice of Count Two (alleging violations of the Maryland Consumer Protection Act) and Count Three (asserting a claim of negligence). ECF No. 60. Count One--the FFA claim--is the sole remaining count. *Id.*

2013, Carlsen replied to NVR's opposition to his cross-motion. ECF No. 58.

On September 17, 2013, pursuant to the Maryland Uniform Certification of Questions of Law Act, Md. Code Ann., Cts. & Jud. Proc. §§ 12-601 through 12-613, and Maryland Rule 8-305, this Court certified the following question of Maryland law to the Court of Appeals of Maryland:

> Is the Maryland Finder's Fee Act a statutory "specialty" law with a statute of limitations of twelve years under Maryland Courts and Judicial Proceedings § 5-102(a)(6)?

ECF No. 61.[12]  The Court stayed the case pending receipt of the Court of Appeals' answer.  *Id.* at 12.

On July 21, 2014, the Court of Appeals issued its decision. ECF No. 67.[13]  The Court of Appeals reformulated the question as, "Is an alleged violation of Md. Code Ann., Com. Law (1975, 2013

---

[12] The Court stated, *inter alia*, that "[t]he answer to this certified question is outcome determinative, because the events underlying this suit occurred in 2004 and 2005, more than three years, but less than twelve years, from the date of suit."  ECF No. 61 at 4(*citing* ECF No. 43[-3] at 1).  The Court's rationale for certifying the question, and the parties arguments about the applicable statute of limitations, are in the Court's September 17, 2013 Memorandum Opinion and Certification Order.  ECF No. 61.  Briefly, NVR argued that Carlsen's suit was barred by Maryland's default three-year statute of limitations.  ECF No. 43-3 at 18-28.  Carlsen argued that the FFA is a "statutory specialty" with a corresponding twelve-year statute of limitations.  ECF No. 50-10 at 14-20.

[13] *See NVR Mortg. Finance, Inc. v. Carlsen*, 439 Md. 427 (2014). On August 21, 20134, the Court of Appeals issued its mandate. ECF No. 67 at 1-2.

Repl. Vol.) § 12-805(d) an 'other specialty' under Md. Code Ann., Cts. & Jud. Proc. (1973, 2013 Repl. Vol.) § 5-102(a)(6), which is a twelve-year statute of limitations?" *Id.* at 4. The Court of Appeals concluded that the answer to the reformulated certified question was "no." *Id.* It held that an alleged violation of § 12-805(d) of the Maryland Finder's Fee Act ("FFA") was not an "other specialty" under Md. Code Ann., Cts. & Jud. Proc. § 5-102(a)(6), and, thus, is subject to Maryland's default three-year statute of limitations. *Id.*

III. Analysis

    A.   Legal Standard for Summary Judgment

The Court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[14] In considering the motion, the judge's function is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. When cross motions for

---

[14] Rule 56(a), which "carries forward the summary-judgment standard expressed in former subdivision (c)," changed "genuine 'issue' [to] genuine 'dispute,'" and restored the word "'shall' . . . to express the direction to grant summary judgment." Fed. R. Civ. P. 56 advisory committee's note.

summary judgment are filed, "each motion must be considered individually, and the facts relevant to each must be reviewed in the light most favorable to the nonmovant." *Mellen*, 327 F.3d at 363 (citing *Rossignol v. Voohaar*, 316 F.3d 516, 523 (4th Cir. 2003)).

    B.   NVR's Motion

NVR asserts that summary judgment should be granted on Carlsen's FFA claim because it is barred by Maryland's three-year statute of limitations. ECF No. 43-3 at 20, 22.

In Maryland, the default statute of limitations for civil actions is three years "unless another provision of the Code provides a different period of time." *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101 (West 1991). The FFA does not contain a statute of limitations;[15] thus, the default period applies unless the FFA is within one of the exceptions in § 5-102.[16] An alleged violation is an "other specialty" under § 5-102 when,

---

[15] *See* Md. Code Ann., Com. Law § 12-801 *et seq.* (West 2010).

[16] This section provides, *inter alia*,

> (a) An action on one of the following specialties shall be filed within 12 years after the cause of action accrues, or within 12 years from the date of the death of the last to die of the principal debtor or creditor, whichever is sooner: . . . (6) Any other specialty.

Md. Code Ann., Cts. & Jud. Proc. § 5-102 (West 1974); *see also Greene Tree Home Owners Ass'n, Inc. v. Greene Tree Assocs.*, 358 Md. 453, 456-57, 749 A.2d 806, 807-08 (2000).

>    (1) the duty, obligation, prohibition, or right sought to be enforced is created or imposed solely by the statute, or a related statute, and does not otherwise exist as a matter of common law;
>
>    (2) the remedy pursued in the action is authorized solely by the statute, or a related statute, and does not otherwise exist under the common law; and
>
>    (3) if the action is one for civil damages or recompense in the nature of civil damages, those damages are liquidated, fixed, or, by applying clear statutory criteria, are readily ascertainable.

*Master Fin., Inc. v. Crowder*, 409 Md. 51, 70, 972 A.2d 864, 875 (2009).

The Court of Appeals of Maryland held that "an alleged violation of CL § 12-805(d) is not an 'other specialty' under CJP § 5-102(a)(6) because . . . the duty sought to be enforced exists as a matter of common law." ECF No. 67 at 9; *NVR Mortg. Finance, Inc.*, 439 Md. at 433.[17]  Thus, the default three-year statute of limitations applies to § 12-805(d) of the FFA.  ECF No. 67 at 10; *NVR Mortg. Finance, Inc.*, 439 Md. at 435.

Here, the undisputed facts giving rise to this suit occurred in 2004 and 2005; more than three years before this

---

[17] The Court of Appeals determined that § 12-805(d) "did not create a statutory duty," but "prescribed the manner in which a mortgage broker must fulfill the mortgage broker's common law duty to 'disclose [certain] facts or information which may be relevant or material in influencing the judgment or action of the [borrower] in the matter." ECF No. 67 at 11; *NVR Mortg. Finance, Inc.*, 439 Md. at 435 (alterations in original) (quoting *St. Paul at Chase Corp. v. Mfrs. Life Ins. Co.*, 262 Md. 192, 215-16, 278 A.2d 12, 24, *cert. denied*, 404 U.S. 857, 92 S. Ct. 104, 30 L.Ed.2d 98 (1971).

suit was filed. See ECF Nos. 43-3 at 1; 50-1. Thus, Carlsen's FFA claim is time-barred. Accordingly, the Court will grant NVR's motion for summary judgment.

    C.   Carlsen's Cross-Motion

Carlsen contends that the FFA is a specialty statute subject to Maryland's 12-year statute of limitations. ECF No. 50-10 at 14-20. He requests partial summary judgment on liability. ECF Nos. 50; 50-1 at 1 n.1. However, as discussed above, FFA is subject to Maryland's three-year statute of limitations. See supra Section II.B. Accordingly, Carlsen's cross-motion for partial summary judgment will be denied.

IV. Conclusion

For the reasons stated above, the Court will grant NVR's motion for summary judgment, deny Carlsen's cross-motion for partial summary judgment, and deny Carlsen's motion to certify a class action.

10/30/14
Date

_____
William D. Quarles, Jr.
United States District Judge